UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:02-cr-00018-LJM-CMM |
| | ) | |
| OSCAR B. MCGRAW, JR., | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Oscar McGraw, Jr.'s Renewed Motion for Compassionate Release, [Filing No. 81], filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239, and the Court's Order dated March 1, 2019, which directed Mr. McGraw to renew his motion upon receipt of an updated medical report, [Filing No. 79]. Mr. McGraw asks the Court to reduce his currently-imposed life sentence and order that he be released on conditions to his sister's home in Montana. For the reasons set forth below, the Court **GRANTS** Mr. McGraw's Motion.

### I.
#### BACKGROUND

On August 28, 2003, Mr. McGraw was sentenced to life imprisonment after a jury found him guilty of conspiracy to possess with intent to distribute methamphetamine. [Filing No. 1 at 8]; *see United States v. Gray*, 410 F.3d 338 (7th Cir. 2005) (describing Mr. McGraw's offense and affirming his conviction); *United States v. Lenover*, 182 F. App'x 563, 568 (7th Cir. 2006) (affirming Mr. McGraw's life sentence). In 2017 and 2018, the Court received letters from Mr. McGraw's sister and counsel requesting a recommendation that the Bureau of Prisons ("BOP") grant Mr. McGraw's request for compassionate release based upon his deteriorating physical

condition. [Filing No. 56; Filing No. 60.] Judge Larry J. McKinney made such a recommendation in April 2017, [Filing No. 58], as did the undersigned in July 2018, [Filing No. 61]. On both occasions, the Court made the recommendations without the benefit of medical records or the input of the Government; at the time, the sole authority to seek a compassionate-release sentence modification rested with the BOP.

That changed, however, with the passage of the First Step Act in late 2018, which now provides an avenue for a defendant to seek compassionate release from the Court after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Pursuant to the newly-amended provision, Mr. McGraw, by counsel, filed his Motion for Compassionate Release on January 24, 2019. [Filing No. 64.] On February 12, 2019, the Court directed Mr. McGraw to supplement the record with medical documentation, [Filing No. 72], which Mr. McGraw did on February 14, 2019, [Filing No. 73].

On March 1, 2019, without objection, the Court directed that it would hold this matter in abeyance to allow for Mr. McGraw's BOP physician, Dr. Sara Beyer, to prepare a report. [Filing No. 79.] The Government has now filed Dr. Beyer's report and supporting medical documentation. [Filing No. 80; Filing No. 80-1; Filing No. 80-2.] The entirety of Dr. Beyer's report[1] need not be repeated here, though several of her findings, detailed below, are critical to the issue of compassionate release.

---

[1] Mr. McGraw did not heed the Court's direction to "specifically set[] forth the evidence that supports [his] contention that he meets the 'extraordinary and compelling' standard" for compassionate release. [Filing No. 79 at 2; Filing No. 79 at 3 ("The parties may *cite to the medical records* already on the docket at Filing No. 73 as well as the forthcoming medical report to *support their assertions*." (emphasis added).] Instead, he generally refers to various conditions without citation. [*See, e.g.*, Filing No. 81 at 1-2 (describing "serious medical conditions, documented by his BOP medical records and by records of the Duke University Medical Center"); Filing No. 86 (lacking a single specific citation to the record)]. Mr. McGraw submitted over 600 pages of

2

Mr. McGraw is 72 years old. [*See* Filing No. 73-1 at 1.] He currently requires a wheelchair, although he can walk for short distances. [Filing No. 80-1 at 3.] Mr. McGraw also requires a portable oxygen machine. [Filing No. 80-1 at 3.] He suffers from a number of conditions, including: "Type II Diabetes, insulin-dependent, with peripheral neuropathy; hyperlipidemia; emphysema; chronic kidney disease stage III; Hepatitis C type 1A (treatment completed and no sign of disease noted); and[] chronic pain." [Filing No. 80-1 at 3.] Many of these conditions, such as his diabetes and hypertension are fairly well managed or controlled through the medical treatment Mr. McGraw receives while incarcerated. [Filing No. 80-1 at 3-4.]

Mr. McGraw has at times suffered from bouts of severe, uncontrollable diarrhea. [Filing No. 80-1 at 4; Filing No. 80-2 at 13.] Loperamide treatment has provided some improvement for the condition, though he continues to have issues. [Filing No. 80-1 at 4; Filing No. 80-2 at 13.] Mr. McGraw suffers from chronic pain, but has refused fentanyl and Lyrica because he does not want to be "doped up on drugs," presumably due to the well-known side effects of such drugs. [Filing No. 80-1 at 5.] He has also in the past suffered from swelling and ulcers, [Filing No. 80-1 at 5], and complained of bruising and scabs on his hands during a recent medical visit, [Filing No. 80-2 at 1]. Ultimately, Dr. Beyer opines that Mr. McGraw suffers from serious, chronic medical conditions, though he is able to function in the correctional facility with assistance. [Filing No. 80-1 at 5-6.] Dr. Beyer does not believe that Mr. McGraw suffers from a "terminal illness." [Filing No. 80-1 at 6.]

---

medical records, [*see* attachments to Filing No. 73], and it is not the Court's responsibility to sift through them.

On March 14, 2019, after the Government filed Dr. Beyer's report, Mr. McGraw renewed his Motion for Compassionate Release as directed. [Filing No. 81.] That Motion is now fully briefed and ripe for decision.

## II.
### DISCUSSION

Mr. McGraw argues that the Court should order that he be released based upon his serious medical conditions, explaining that the U.S. Probation Office in Montana has approved Mr. McGraw's sister's home for placement. [Filing No. 81.] In response, the Government disputes Mr. McGraw's characterization of his medical conditions and argues that, regardless, compassionate release is not appropriate because Mr. McGraw poses a danger to the community and because the 18 U.S.C. § 3553(a) factors do not favor release. [Filing No. 85 at 8-9.]

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> **(i)** extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). Congress directed the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3581(c), contained in U.S.S.G. § 1B1.13 and the accompanying Application Notes. While that particular policy

4

statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in section 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. McGraw is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Extraordinary and Compelling Reasons

The Government first argues that Mr. McGraw does not meet the medical criteria for compassionate release. The Application Notes to section 1B1.13 provide, in part:

> **1. Extraordinary and Compelling Reasons.—**. . . [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
> **(A) Medical Condition of the Defendant.—**
>     **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     **(ii)** The defendant is—
>         **(I)** suffering from a serious physical or medical condition,

5

> **(II)** suffering from a serious functional or cognitive impairment, or
> **(III)** experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> . . .
>
> **2. Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

Dr. Beyer's report supports a finding that Mr. McGraw "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 application note (1)(A)(ii)(I). Neither party contests Dr. Beyer's conclusion that Mr. McGraw suffers from "chronic and serious" conditions. [Filing No. 80-1 at 6.] That the conditions are chronic indicates that Mr. McGraw is not expected to recover from his conditions.

The Court does not credit, however, the Government's reliance upon Dr. Beyer's conclusion that Mr. McGraw's "medical condition has not substantially deteriorated to the point that [he] does not have the ability to function in a correctional facility." [Filing No. 80-1 at 6; *see* Filing No. 85 at 5.] For one, Dr. Beyer's statement does not reflect the standard set forth in the Application Notes. Note (1)(A)(ii) does not require that Mr. McGraw be unable to function in a correctional facility. Rather, it requires that he have a substantially diminished ability to provide self-care within the correctional facility environment. Mr. McGraw's severe and chronic pain is

unchallenged, apart from the Government's suggestion that Mr. McGraw has refused powerful medication because his pain does not warrant the medication. To the contrary, as explained in Mr. McGraw's reply and reflected in his statement to a medical provider about not wanting to be "doped up," Mr. McGraw has offered credible, valid reasons for his refusal to take the medications, including wanting to avoid their powerful and deleterious side effects. Additionally, though his diarrhea is "stabilized" (to use Dr. Beyer's word) such that Mr. McGraw is usually able to make it to a toilet, [Filing No. 80-1 at 4], treatment notes from December 2018 indicate that the issue remains far from resolved, [Filing No. 80-2 at 13].

Notwithstanding Dr. Beyer's assertion that "Mr. McGraw's current medical needs are being met by the medical providers at FCI Butner II and the other providers," [Filing No. 80-1 at 5], the Court finds it highly pertinent that Mr. McGraw's conditions require frequent monitoring, evaluation, and treatment. The same is true of the conditions Dr. Beyer describes as "controlled," "well-managed," or "stabilized"—these terms all indicate a need for active monitoring and treatment. Furthermore, Mr. McGraw is fully dependent on oxygen and a wheelchair. Taken all together, the Court finds that Mr. McGraw's chronic, serious conditions, including those that are mitigated when properly treated by medical professionals, demonstrate a substantially diminished ability to provide self-care from which he is not expected to recover. Extraordinary and compelling reasons therefore support a reduction in sentence.

### B. Danger to Any Other Person or to the Community

The Government next argues that Mr. McGraw should not be released because he presents a danger to the community, largely incorporating by reference one of its previous briefs filed on the issue. [Filing No. 85 at 8 (citing Filing No. 69 at 4-5).] In that brief, the Government argued that Mr. McGraw's previous convictions, his leadership of the Diablos Motorcycle Gang, the facts

7

that led to his conviction, and his access to a telephone on release demonstrate that Mr. McGraw would be a danger if released. [Filing No. 69 at 4-5.]

The Guideline provides that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the Court must consider in determining whether a defendant should be detained pending trial. In turn, § 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> **(2)** the weight of the evidence against the person;
> **(3)** the history and characteristics of the person, including--
> > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. McGraw's frail condition—he is dependent upon oxygen and a wheelchair—demonstrates that there are conditions the Court could impose to "reasonably assure . . . the safety of any other person and the community." The Government expresses concerns about Mr. McGraw conducting illegal business via telephone. The Court will order an updated version of the

conditions of supervised release to ensure that Mr. McGraw does not have contact with those engaging in criminal activity and extend the term of supervision to life. With probation's oversight, this condition, along with the others imposed, will ensure the protection of the public. The seriousness of Mr. McGraw's offense and criminal history are wholly outweighed by Mr. McGraw's serious, deteriorating conditions and dependence upon oxygen and a wheelchair. The Court finds it significant that the U.S. Probation Office in Montana has approved Mr. McGraw's sister's residence for placement on release, providing a place for oversight on release and further allaying any concerns regarding any danger Mr. McGraw may pose to the community. Pursuant to § 3142(g), the Court finds that Mr. McGraw does not pose a danger to any other person or the community under the conditions of release.

### C. Section 3553(a) Factors

Finally, the Government argues that the § 3553(a) factors do not favor early release, citing primarily the seriousness of Mr. McGraw's offense and of his past conduct and the need for deterrence. [Filing No. 85 at 9.] Section 3553(a) provides:

> **(a) Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
> > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > **(B)** to afford adequate deterrence to criminal conduct;
> > **(C)** to protect the public from further crimes of the defendant; and
> > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence[s] and the sentencing range established for--

9

> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]
> **(5)** any pertinent policy statement guidelines [issued by the Sentencing Commission . . . ;]
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Ultimately, the Court agrees with the Government that Mr. McGraw's conduct in this case and in the past was very serious. But Mr. McGraw has been in custody since September 2002—nearly 17 years. That is a significant sanction. And the Court will impose lifetime supervision following release, which will continue to serve as a sanction and general deterrent, appropriately recognizing the seriousness of Mr. McGraw's conduct. But further incarceration is not needed to deter Mr. McGraw from further offenses; nor, for the reasons described above, is it necessary to protect the public from future crimes. Finally, Mr. McGraw has served much of his sentence while seriously ill and in physical discomfort. This means that his sentence has been significantly more laborious than that served by most inmates. It also means that further incarceration in his condition would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2). The Court therefore concludes that the applicable § 3553(a) factors support Mr. McGraw's request for compassionate release.

### III.
#### CONCLUSION

Pursuant to 18 U.S.C. § 3582(c), the court finds that extraordinary and compelling reasons warrant a reduction of Mr. McGraw's sentence, that Mr. McGraw does not pose a danger to any other person or the community under the conditions of release, that the § 3553(a) factors support a reduction, and that the reduction is consistent with the Sentencing Commission's policy

statements. Therefore, the Court **GRANTS** Mr. McGraw's Renewed Motion for Compassionate Release [81], **ORDERS** that Mr. McGraw's sentence of imprisonment be reduced to **time served**, and further **ORDERS** the BOP to release Mr. McGraw for placement at his sister's residence in Ravalli County, Montana, to be supervised for life.

Mr. McGraw is responsible for arranging his own transportation to Montana, and he shall report to the U.S. Probation Office within 72 hours of his arrival in Montana.

Finally, Mr. McGraw's conditions of supervised release have been updated pursuant to 7th Circuit case law, and are imposed as follows:

1) You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. **Justification:** *The Court is imposing this condition as an administrative requirement of supervision.*

2) You shall report to the probation officer in a manner and frequency directed by the court or probation officer. **Justification:** *The Court is imposing this condition as an administrative requirement of supervision.*

3) You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. **Justification:** *The Court is imposing this condition to assist the probation officer in monitoring the defendant for protection of the community.*

4) You shall not knowingly leave the judicial district without the permission of the court or probation officer. **Justification:** *The Court is imposing this condition as an administrative requirement of supervision.*

5) You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege. **Justification:** *The Court is imposing this condition as an administrative requirement of supervision.*

6) You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. **Justification:** *The*

*Court is imposing this condition to reduce the risk of recidivism and provide for public safety.*

7) You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. **Justification:** *The Court imposing this condition to assist the probation officer in monitoring the defendant for protection of the community.*

8) You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. **Justification:** *The Court is imposing this condition to assist the probation officer in monitoring the defendant for protection of the community.*

9) You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. **Justification:** *The Court is imposing this condition to assist the probation officer in monitoring the defendant for protection of the community.*

10) You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. **Justification:** *The Court is imposing this condition to ensure the defendant maintains gainful employment and to reduce the risk of recidivism.*

11) You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. **Justification:** *The Court is imposing this condition as an administrative requirement of supervision.*

12) You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. **Justification:** *The Court is imposing this condition to address the defendant's history of methamphetamine abuse.*

13) You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. **Justification:**

*The Court is imposing this condition to address the defendant's history of methamphetamine abuse.*

14) You shall not use or possess alcohol. **Justification:** *The Court is imposing this condition due to the defendant's history of methamphetamine abuse. It will also reduce the risk of recidivism and assist in his rehabilitation.*

15) You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption. **Justification:** *The Court is imposing this condition to address the defendant's history of methamphetamine abuse.*

16) You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. **Justification:** *The Court is imposing this condition to allow the probation officer to monitor the defendant's sobriety.*

17) You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution. **Justification:** *The Court is imposing this condition to assist the probation officer in verifying the legitimacy of the defendant's income, and to ensure the defendant is paying the maximum amount possible toward any fine.*

18) You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. **Justification:** *The Court is imposing this condition to assist the probation officer in monitoring the defendant for protection of the community.*

19) You shall not be a member of any gang or associate with individuals who are members. **Justification:** *The Court is imposing this condition to*

*assist the probation officer in monitoring the defendant for protection of the community.*

Date: 5/9/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

James B. Craven, III
jbc64@mindspring.com

U.S. Probation Office